IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THEOPOLIS WILLIAMS, ) | |
| No. B31679, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00660-JPG |
| ) | |
| RICK HARRINGTON, ) | |
| GAIL WALLS, ) | |
| KIMBERLY BUTLER, ) | |
| DR. SHEARING, ) | |
| AMY LANG, ) | |
| LT. CARTWRIGHT, ) | |
| LORI OAKLEY, ) | |
| SUE HILL, ) | |
| MR. TROUST, and ) | |
| UNKNOWN PARTIES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Theopolis Williams, an inmate in Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on his being denied a medically necessary shaving razor while he was housed at Menard Correctional Center ("Menard").

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

>  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

According to the complaint, Plaintiff Williams has a chronic skin condition—a glandular disorder—that causes him to have ingrown facial hair, acne and pustules (*see* Doc. 1, pp. 37-42). Plaintiff also suffers from impetigo, a highly contagious skin infection.[1] While Plaintiff was housed at Lawrence Correctional Center ("Lawrence"), he was given a medical permit for a special type of electric shaver that would protect his skin (*see* Doc. 1, p. 31).

In June 2013, Plaintiff was transferred from Lawrence to Menard. He was initially denied access to his special trimmer because it was corded. Without the trimmer, Plaintiff's facial condition worsened; his face became infected and painful, oozing puss and bleeding. His cellmate and others, fearing infection, began complaining and threatening Plaintiff, eventually escalating to violence.

---

[1] *See* http://www.mayoclinic.org/diseases-conditions/impetigo/basics/definition/con-20024185.

Plaintiff initially secured a medical permit for the special shaver from Dr. Shearing, the chief physician at Menard, but Dr. Shearing later ordered that Plaintiff not be permitted to have the trimmer because Plaintiff "whine[s] like a big baby."  Eventually, Plaintiff was able to gain permission to use the trimmer each Saturday, unless the prison was on lockdown.  In any event, the weekly shave did not stem Plaintiff's skin problems or other inmates' anger toward him.

Plaintiff's written and oral pleas for assistance made to each defendant were to no avail.  Head Nurse Amy Lang did not want to be bothered with Plaintiff's "mess."  Dr. Troust, in an effort to accommodate Nurse Lang, changed Plaintiff's medial orders and denied Plaintiff's request to use the trimmer several times per week.  Nurse Gail Walls told Plaintiff that if he wanted a special trimmer he should "go home."  Despite Plaintiff's medical permits, Grievance Officer Lori Oakley contended that Plaintiff did not need the special trimmer.  Similarly, Counselor Sue Hill, Lt. Cartwright, Assistant Warden Kimberly Butler and numerous unknown correctional officers denied Plaintiff's personal pleas, which Plaintiff characterizes as being based on serious medical needs and personal safety concerns.  Warden Rick Harrington also denied Plaintiff's personal pleas, written requests and grievances asking to be able to use the special trimmer.

In March 2014, Plaintiff was transferred from Menard to Pinckneyville.  He contends that the defendants collectively had a "tacit agreement" to transfer Plaintiff to Pinckneyville in order to solve the problems Plaintiff's skin condition was causing within the prison.

Plaintiff now sues, seeking compensatory and punitive damages, for each defendant to be placed on leave without pay, a broad injunction regarding how prisoners' medical problems are treated, permission to keep his special trimmer in his cell, and a transfer to another prison.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** **Defendants were deliberately indifferent to Plaintiff's serious medical needs and personal safety when they denied him use of a special, medically necessary facial hair trimmer, all in violation of the Eighth Amendment; and**

**Count 2:** **Defendants tacitly agreed to transfer Plaintiff from Menard to Pickneyville Correctional Center in violation of the Eighth Amendment.**

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Furthermore, prison officials have a duty to protect prisoners "from violence at the hands of other inmates." *See Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002).

A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior. *Id*. at 835. Rather, the corrections official must have acted with the equivalent of criminal recklessness. *Id*. at 836–37.

## Count 1

Under the pleading standards set by Federal Rule of Civil Procedure 8 and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), Count 1, regarding the denial of a special, medically necessary hair trimmer, thereby endangering Plaintiff's health and safety, states a colorable Eighth Amendment claim against each of the nine named defendants. However, the mere assertion that other unknown prison officials were involved is insufficient. Therefore, the unknown parties will be dismissed without prejudice.

## Count 2

Count 2 will be dismissed without prejudice. The complaint does not indicate that the transfer was an act of deliberate indifference designed to further endanger Plaintiff's health or safety, so no Eighth Amendment claim has been stated. *See,* e.g*., Sain v. Wood*, 512 F.3d 886 (7th Cir. 2008). The Court further notes that the complaint does not suggest that Plaintiff was transferred to a more restrictive prison or otherwise implicating a liberty interest and Fourteenth Amendment due process protections. *See Townsend v. Fuchs*, 522 F.3d 765, 772 (7th Cir. 2008). Lastly, the conclusory allegations of a "tacit agreement" among the defendants to transfer Plaintiff fail to allege a conspiracy under the *Twombly* pleading standard. "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dep't,* 636 F.3d 293, 304–05 (7th Cir.

2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dep't,* 197 F.3d 256, 263 (7th Cir.1999)).

### Remedies

Monetary damages, and declaratory and injunctive relief are all available remedies under 42 U.S.C. § 1983. *See Nelson v. Miller*, 570 F.3d 868, 882 (7th Cir. 2009). In addition to compensatory and punitive damages, Plaintiff seeks injunctive relief in the form of each defendant being placed on leave without pay, a broad injunction regarding how prisoners' medical problems are treated, permission to keep his special trimmer in his cell, and a transfer to another prison. The injunctive relief sought is moot, in that Plaintiff has been transferred from Menard and is now out of the reach of the named defendants—no broad IDOC policy or practice is alleged. *See Nelson*, 570 F.3d at 882. In other words, he is seeking a remedy the individual defendants cannot give him and, insofar as a broad injunction regarding how prisoners' medical issues are treated, there is no claim that other prisoners were treated the same way Plaintiff was treated. The denial of a special medically necessary hair trimmer appears to be unique to Plaintiff. Therefore, Plaintiff's prayer for injunctive relief will be dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 2**, regarding Plaintiff's transfer, is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all claims against **UNKNOWN PARTIES** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's prayer for injunctive relief is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 1** shall otherwise **PROCEED** against all named defendants.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED AS MOOT**, as Plaintiff is entitled under 28 U.S.C. § 1915(d) to have the complaint served at government expense.

The Clerk of Court shall prepare for Defendants **RICK HARRINGTON**, **GAIL WALLS**, **KIMBERLY BUTLER**, **DR. SHEARING**, **AMY LANG**, **LT. CARTWRIGHT**, **LORI OAKLEY**, **SUE HILL**, and **MR. TROUST**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 14, 2014**

*s/ J. Phil Gilbert*
**United States District Judge**
