UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THEOPOLIS WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>RICK HARRINGTON, GAIL WALLS, KIMBERLY BUTLER, DR. SHEARING, AMY LANG, LT. CARTWRIGHT, LORI OAKLEY, SUE HILL, MR. TROUST and UNKNOWN PARTY,<br><br>        Defendants. | Case No. 14-cv-660-JPG-PMF |

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Theopolis Williams' motion for reconsideration (Doc. 50) of Magistrate Judge Philip M. Frazier's December 2, 2014, order (Doc. 49) denying Williams' motion for reconsideration (Doc. 47) of Magistrate Judge Frazier's October 28, 2014, order (Doc. 46) denying Williams' motion for recruitment of counsel (Doc. 3). Because there is only so much reconsideration a single judge can do, the Court construes Williams' pending motion as an appeal of Magistrate Judge Frazier's December 2, 2014, order (Doc. 49).

A litigant may object to a magistrate judge's order by filing an objection within fourteen days of the order to which objection is made. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court may also *sua sponte* reconsider any matter determined by a magistrate judge. L.R. 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

Magistrate Judge Frazier denied Williams' original request for counsel because he found

Williams competent to litigate the issue of exhaustion of administrative remedies, even considering his medical conditions, the medications he is taking and their side effects.   In his objection, Williams adds to his earlier complaints that he has not been provided information in response to his FOIA requests.   Magistrate Judge Frazier's assessment of Williams' ability to litigate this case was not clearly erroneous or contrary to law.   The case has proceeded beyond the issue of exhaustion, but Williams still appears competent to accomplish the necessary tasks at this stage of the case.   Furthermore, it appears the documents Williams unsuccessfully sought through FIOA may be available to him through administrative processes or through discovery pursuant to the Federal Rules of Civil Procedure.   Williams has not shown he is not competent to pursue those avenues for the documents he seeks.

For these reasons, the Court **AFFIRMS** Magistrate Judge Frazier's December 2, 2014, order (Doc. 49) and **OVERRULES** Williams' objections (Doc. 50).

**IT IS SO ORDERED.**
**DATED:   May 7, 2015**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**